IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY;
ELENA PORTNOY,

     Plaintiffs,

vs.

UNITED STATES OF AMERICA,

     Defendant.

No. CIV S-11-0264 GEB EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

    This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendant moves to dismiss plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). Def.'s Mot. to Dism., Dckt. No. 12 at 1. For the reasons stated herein, the court recommends that defendant's motion to dismiss be granted and plaintiffs' claims be dismissed with prejudice.

I.    BACKGROUND

    In this action, plaintiffs Sergei and Elena Portnoy raise claims arising out of the adjudication of Elena Portnoy's immigration status. *See generally* Compl., Dckt. No. 1.

////

Plaintiffs have been litigating Elena Portnoy's immigration status since at least 2001.[1] Plaintiffs seek compensatory damages and a writ of mandamus, for alleged violations of the Administrative Procedures Act, the Immigration and Nationality Act, plaintiffs' Fifth Amendment right to due process, plaintiffs' Fifteenth Amendment right to vote, plaintiff's Fourth Amendment right to be free from an unlawful deprivation of property and liberty, plaintiffs' rights to equal protection under the law, as well as claims for intentional and negligent infliction of emotional distress.  Litigation has taken place in the U.S. Court of Appeals for the Ninth Circuit and in the United States District Court for the Northern District of California,[2] as well as in the United States District Court for the Eastern District of California.  In the Eastern District of California, plaintiffs' previous cases regarding Elena Portnoy's immigration status are: (1) *Portnoy, et al. v. United States, et al.*, No. CIV S-05-649 DFL KJM, filed on April 4, 2005 and dismissed on September 26, 2006 (affirmed on appeal, 06-16956 (9th Cir. Apr. 9, 2007)); (2) *Portnoy, et al. v. United States of America, et al.*, No. CIV S-08-1266 MCE GGH, filed on June 6, 2008 and dismissed on April 6, 2009 (affirmed on appeal, 10-16912 (9th Cir. June 30, 2009)); (3) *Portnoy, et al. v. United States of America, et al.*, No. CIV S-09-1935 GEB DAD, filed July 16, 2009 and dismissed on August 6, 2009 (affirmed on appeal, 09-16727 (9th Cir. Dec. 10, 2009)); and (4) *Portnoy, et al. v. United States of America, et al.*, No. CIV S-10-1680 FCD KJM, filed June 30, 2010 and dismissed July 6, 2010 (affirmed on appeal, 10-16912 (9th Cir. Nov. 2, 2010)).

---

[1] A substantial portion of the summary of plaintiffs' history of litigation in the Eastern District of California is excerpted from the Findings and Recommendations ("F&Rs") issued in another action filed by plaintiffs on July 16, 2009.  *See Portnoy, et al. v. United States of America, et al.*, No. CIV S-09-1935 GEB DAD, Dckt. No. 15 at 2-4.

[2] Plaintiff Sergei Portnoy, individually, filed two previous actions in the Northern District of California: (1) *Portnoy v. Charles De More, District Director, INS*, No. C 3:01-03340 MJJ (N.D. Cal.), filed August 31, 2001 and dismissed October 31, 2002 (plaintiff filed an untimely notice of appeal which was dismissed on January 4, 2005, for lack of jurisdiction); (2) *Portnoy v. United States and Charles De More*, No. C 03-4238-MJJ (N.D. Cal.), filed September 17, 2003 and dismissed March 9, 2005.

In case No. CIV S-05-0649, plaintiffs' claims concerning Elena Portnoy's final removal order were dismissed for lack of subject matter jurisdiction because all challenges to final orders of removal are to be filed in the United States Courts of Appeals.  No. CIV-S-05-0649 DFL KJM, Dckt. No. 31, Aug. 10, 2006 F&Rs, at 1-2 (adopted in full on Sept. 26, 2006, Dckt. No. 32).  Summary judgment was granted for defendants on plaintiffs' remaining claims in that action. *Id.* at 3.  Claims challenging the denial of Sergei Portnoy's petition for immediate relative status for Elena Portnoy and the denial of Elena Portnoy's application to adjust status to lawful permanent resident were found to be barred under the principles of res judicata. *Id.* at 2.  In addition, it was determined that plaintiffs had failed to exhaust their administrative remedies with respect to the petition for immediate relative status and the application for adjustment of status. *Id.*  Claims challenging the denial of plaintiff Elena Portnoy's application for naturalization were found to lack merit because a de novo review of the record revealed that plaintiff could not overcome her failure to establish the statutory prerequisite of being lawfully admitted to the United States as a permanent resident. *Id.*  In the absence of a valid challenge to the denial of Elena Portnoy's application for naturalization, defendants were entitled to summary judgment on her Fifteenth Amendment claim of having been denied the right to vote in federal elections. *Id.* at 2-3.  The district judge's order adopting the magistrate judge's findings and recommendations, granting defendants' motion to dismiss plaintiffs' claim contesting the final removal order, and granting defendants' motion for summary judgment on plaintiffs' remaining claims was affirmed on appeal on April 9, 2007.

In case No. CIV S-08-1266, the assigned magistrate judge found that plaintiffs' complaint was very similar to the complaint in their 2005 case.  No. CIV S-08-1266 MCE GGH, Dckt. No. 5, Sept. 9, 2008 Order at 2-3.  The magistrate judge explained the defects of the pleading in detail and granted plaintiffs "one opportunity to amend their complaint in order to state a cognizable claim against proper defendant(s) that has not previously been decided by this court." *Id.* at 5.  Upon finding that plaintiffs' amended complaint contained allegations virtually

3

identical to the allegations in their 2005 case, the magistrate judge recommended that the action be dismissed due to its duplicative nature. No. CIV S-08-1266 MCE GGH, Dckt. No. 7, Dec. 11, 2008 F&Rs at 1. The findings and recommendations were adopted in full by order filed April 6, 2009, and that order of dismissal was affirmed on appeal on June 30, 2009.

In case No. CIV S-09-1935, the assigned magistrate judge found plaintiffs' complaint again contained factual allegations identical to the allegations in their 2005 and 2008 cases, except for the additional allegation that plaintiff Elena Portnoy was arrested by defendants on July 10, 2009 and taken into custody. No. CIV S-09-1935 GEB DAD, Dckt. No. 15, July 27, 2009 F&Rs at 3. Plaintiffs asserted eleven claims for relief, ten of which were previously raised in plaintiffs' 2005 and 2008 cases. The ten claims challenged defendants' denial of plaintiff Sergei Portnoy's petition for immediate relative status for Elena Portnoy, defendants' denial of plaintiff Elena Portnoy's application for adjustment of status, and defendants' denial of plaintiff Elena Portnoy's application for naturalization. *Id.* Plaintiffs' eleventh claim was an assertion that plaintiff Elena Portnoy's arrest has deprived her of liberty in violation of the Fifth Amendment. The magistrate judge recommended that the duplicative action be dismissed with prejudice, as it was evident that plaintiffs could not overcome the district court's lack of subject matter jurisdiction over challenges to final orders of removal or the res judicata bar arising from plaintiffs' previous litigation. *Id.* The findings and recommendations were adopted in full on August 6, 2009, and that order of dismissal was affirmed on appeal on December 10, 2009.

In case No. CIV S-10-1680 (the "2010 case"), the assigned magistrate judge again found the action to be duplicative of the actions previously filed by plaintiffs. No. CIV S-10-1680 FCD KJM, Dckt. No. 4, July 7, 2010 F&Rs at 2. Plaintiffs' 2010 complaint alleged violations of the Immigration and Nationality Act, the Administrative Procedure Act, the Freedom of Information Act, the Fifth Amendment, the Fifteenth Amendment, the Fourth Amendment, the Civil Rights Act, Article 9 of the Convention of the Right of the Child, the Universal Declaration of Human Rights, intentional infliction of emotional distress, and negligent infliction of

emotional distress. No. CIV S-10-1680 FCD KJM, Dckt. No. 1. The magistrate judge found that, as in plaintiffs' prior actions filed in this district, it was evident plaintiffs could not plead an adequate basis for subject matter jurisdiction or overcome the bar of res judicata arising from plaintiffs' previous litigation, and therefore recommended that the action be dismissed with prejudice. No. CIV S-10-1680 FCD KJM, Dckt. No. 4. The findings and recommendations were adopted in full on August 6, 2009 and that order of dismissal was affirmed on appeal on November 2, 2010.

II. MOTION TO DISMISS

Defendant moves to dismiss plaintiffs' current complaint, arguing that with the exception of plaintiffs' breach of duty and intentional misrepresentation claims, each of plaintiffs' claims is duplicative of claims they have raised in previous actions and are therefore barred by the doctrine of res judicata. Def.'s Mot. to Dismiss, Dckt. No. 12 at 4. Defendant further argues that plaintiffs' breach of duty and intentional misrepresentation claims are also barred by res judicata, as plaintiffs raised similar claims in their prior proceedings and could have raised the current claims in those actions. *Id.*

The undersigned agrees. All of the claims in plaintiffs' current complaint are precluded by the doctrine of res judicata as they have been raised, or could have been raised, in plaintiffs' prior federal actions and appeals.[3]

Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (superseded by statute on other grounds) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940);

---

[3] Nor can plaintiffs plead an adequate basis for subject matter jurisdiction, as explained in the orders dismissing plaintiffs' prior actions filed in this district.

5

1B James W. Moore et al., *Moore's Federal Practice* ¶ 0.405[1] (2d ed. 1974). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)).

### A. Identity of Claims

"Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Id.* at 1078 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). "The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Id.* at 1077-78. "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought. *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987).

Plaintiffs attempt to distinguish select claims in their instant complaint by construing the government's actions as a "breach of duty" or, alternatively, alleging the government made factual misrepresentations. *See* Dckt. No. 1, ¶¶ 12-17, 23-28, 32-35. Still, the relevant inquiry is whether plaintiffs' new claims arise out of the same "transactional nucleus of facts," *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1077, and whether the claims could have been brought in prior litigation, *C.D. Anderson*, 832 F.2d at 1100. Here, the relevant "transactional nucleus of facts" governing the claims that could have been brought encompasses facts related to the denial of plaintiff Sergei Portnoy's I-130 alien relative petition, the denial of plaintiff Elena Portnoy's From 1-485 for adjustment of status and N-400 naturalization applications, and plaintiff Elena Portnoy's deportation on August 24, 2009.

Plaintiffs' first cause of action is for violation of the Administrative Procedure Act ("APA"). Dckt. No. 1 ¶¶ 12-17. Plaintiffs alleges the violation to consist of the government's alleged "misrepresent[ation] of material facts" and "abandonment" of Sergei Portnoy's I-130 application.[4] *Id.* at 14. Plaintiffs' 2010 complaint alleged a similar violation of the APA, but claimed the violation to be the government's failure to adjudicate plaintiff Sergei Portnoy's I-130 application, failure to request additional records, and for unlawfully and fraudulently denying Sergei Portoy's I-130 application. *Portnoy, et al. v. United States of America, et al.*, No. No. CIV S-10-1680 FCD KJM, Dckt. No. 1, Compl. ¶¶ 65-68. Plaintiffs' current APA claim is based on the same transactional nucleus of facts as plaintiff's earlier APA claims—the denial of plaintiff Sergei Portnoy's I-130 application. Plaintiffs cannot avoid preclusion "by attaching a different legal label to an issue that has, or could have, been litigated," or by adding newly articulated claims based on the same nucleus of facts. *Tahoe-Sierra Pres. Council, Inc.,* 322 F.3d at 1077-78. Thus, plaintiffs' prior and current claims for violation of the APA satisfy the identity of claims requirement.

Plaintiffs' second cause of action alleges violation of the Immigration and Nationality Act ("INA"). Plaintiffs' INA claim is markedly similar to plaintiffs' allegations against defendant for violation of the INA in the 2010 complaint. Plaintiffs attempt to distinguish the current claim by alleging defendant breached its duty to plaintiffs by making intentional misrepresentations of material facts. *See* Dckt. No. 1 at ¶¶ 23-28. Plaintiffs additionally note they have exhausted administrative remedies and that defendant does not contest that Sergei and Elena Portnoy's marriage is a "bonafide marriage." Plaintiffs cannot circumvent the bar of res judicata by adding newly articulated facts, since plaintiffs' new claims arises out of the same transactional nucleus of facts – the denial of plaintiff Elena Portnoy's I-485 application – and could have been raised in prior litigation. Accordingly, plaintiffs' prior and current claims for

---

[4] The majority of plaintiffs' current complaint is incomprehensible. The court attempted to discern and construe plaintiffs' allegations and have paraphrased plaintiffs' claims for clarity.

7

violation of the INA satisfy the identity of claims requirement.

Plaintiffs' third cause of action for violation of the Fifth Amendment is fundamentally identical to plaintiffs' claim for violation of the Fifth Amendment in the 2010 complaint. In both actions, plaintiffs' Fifth Amendment claim arises out of the governments' denial of plaintiff Sergei Portnoy's I-130 application. *Compare* Dckt. No. 1, ¶ 32 with No. CIV S-10-1680 FCD KJM, Dckt. No. 1, ¶ 80. Plaintiffs' supplemental allegations that defendant breached a duty owed to plaintiffs due to misrepresentations of material fact, that defendant received a filing fee from plaintiffs, and plaintiffs were damaged in the amount of the filing fee, arise out of the same transactional nucleus of facts and could have been raised in prior litigation. Dckt. No. 1, ¶¶ 32-35. Thus, plaintiffs' third cause of action satisfies the identity of claims requirement.

Plaintiffs' fourth cause of action for violation of the Fifteenth Amendment, fifth cause of action for violation of the Fourth Amendment, sixth cause of action for violation of the Civil Rights Act, 42 U.S.C. § 1983, seventh cause of action for intentional infliction of emotional distress, and eight cause of action for negligent infliction of emotional distress are identical to prior claims raised in plaintiffs' 2010 complaint. *Compare* Dckt. No 1, ¶¶ 36-49 with No. CIV S-10-1680 FCD KJM, Dckt. No. 1, ¶¶ 82-90, 100-106. Thus, plaintiffs' fourth, fifth, sixth, seventh, and eighth causes of action in the current complaint satisfy the identity of claims requirement.

B.      Final Judgment on the Merits

Res judicata also requires a final judgment on the merits. "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart*, 297 F.3d at 956. In the 2010 case, the assigned magistrate judge found the action to be duplicative of the actions previously filed by plaintiffs. The magistrate judge explained that, as in plaintiffs' prior actions filed in this district, it was evident plaintiffs could not plead an adequate basis for subject matter jurisdiction or overcome the bar of res judicata arising from plaintiffs' previous litigation, and therefore recommended that the action be dismissed with prejudice. No. CIV S-10-1680

8

FCD KJM, Dckt. No. 4, July 7, 2010 F&Rs at 2. The findings and recommendations were adopted in full, the action was dismissed with prejudice, and judgment was entered in defendants' favor. That dismissal and entry of judgment, as well as the dismissals and entry of judgment in several of plaintiffs' other previous actions, constituted a final judgment on the merits. *Stewart*, 297 F.3d at 956.

      C.      Identity of Parties

There is also identity of the parties. Plaintiffs Elena and Sergei Portnoy sued the United States on the same claims in the 2010 case, as well as in previously filed actions in the Eastern District of California. *See* No. CIV S-05-0649 DFL KJM; No. CIV S-08-1266 MCE GGH; No. CIV S-09-1935 GEB DAD; No. CIV S-10-1680 FCD KJM. Thus, the identity of parties requirement is satisfied.

Therefore, plaintiffs' claims are all barred by the doctrine of res judicata. As amendment would be futile, the undersigned will recommend that plaintiffs' claims be dismissed without leave to amend. *Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996) (holding dismissal without leave to amend is appropriate where further amendment would be futile).

III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference currently set for hearing on December 14, 2011, is vacated.[5]

IT IS FURTHER RECOMMENDED that:

1. Defendant's motion to dismiss, Dckt. No. 12, be granted without leave to amend; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[5] As a result, the parties are not required to submit status reports as provided in the May 5 and October 22, 2011 orders. *See* Dckt. Nos. 6, 17. However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

9

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 15, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE